*(Circuit Court of Cook County. In Chancery.)*

## King

### vs.

## Interior Building Co., et al.

1. CORPORATIONS—WINDING UP PROCEEDINGS—WHO MAY INSTITUTE. A simple contract creditor may maintain a bill to wind up a corporation under sec. 25 of the general incorporation act.

2. SAME—RIGHT OF SIMPLE CONTRACT CREDITOR TO ATTACK FRAUDU-LENT JUDGMENT OR FRAUDULENT DISPOSITION OF ASSETS OF COR-PORATION. There is no good reason why a simple contract creditor may not prosecute a suit in equity under sec. 25 to attack a fraudulent judgment or fraudulent disposition of assets of a corporation.

3. SAME—RIGHT OF SIMPLE CONTRACT CREDITORS TO FILE SUPPLE-MENTAL BILL TO SHOW THAT THEY HAVE PUT THEIR CLAIMS IN JUDGMENT SINCE FILING BILL. Where a simple contract cred-itor of a corporation files a bill to attack a fraudulent disposi-tion of the corporate assets and judgment creditors intervene in such suit, the court will permit the filing of a supplemental bill to show that original complainants have reduced their claims to judgment.

4. SAME—EFFECT OF WINDING UP PROCEEDING. A creditors' bill for the dissolution of a corporation must be filed on behalf of all creditors, whether judgment or contract creditors. If fraudu-lent preferences are set aside in such a proceeding it enures to the benefit of all creditors and the proceeds must be dis-tributed as other assets passing direct to the receiver.

Creditors bills, cross-bill, and intervening petitions. Motion for leave to file amended and supplemental bill. Heard before Judge Murray F. Tuley. Gen. No. 142,991. The facts are stated in the opinion.

*Newman, Northrup & Levinson,* for complainant.

*John W. Henston,* for certain defendants.

*Defrees, Brace & Ritter,* for the receiver.

TULEY, J. :—

Two bills were filed, each by a simple contract creditor, on behalf of all creditors of the Interior Building Company, an Illinois corporation, seeking under section 25 of the general incorporation act the appointment of a receiver, the marshaling and distribution of the assets of the insolvent company, the enforcement of stockholders' liability, and also the dissolution of the corporation and the winding up of its affairs. The bills also attacked certain fraudulent preferences and also alleged fraudulent judgments under which the property of the corporation had been seized upon execution.

The cases were consolidated, a receiver appointed and certain assets of the corporation which had been levied on upon judgment in favor of the Lincoln National Bank were turned over to the receiver to be administered. The bank filed a cross-bill seeking the satisfaction of its judgment out of the assets levied on and out of collections made by the receiver because of its alleged prior lien thereon. An amended bill was filed in July, 1896, seeking the same relief on behalf of all creditors and also attacking the same judgment and fraudulent preferences. Answers were duly filed to the amended bill and reference was had to the master upon bill and cross-bill.

Pending the taking of evidence, some eighteen creditors who had obtained judgments against the corporation filed intervening petitions adopting the allegations of the original and amended bills and were made co-complainants by order of court. A large amount of testimony has been taken before the master, and in the meantime the original complainants obtained judgment at law upon their claims. Six of the

judgment creditors issued executions which were returned *nulla bona* in 1896. The judgments and the executions have all been proven before the master.

The complainants now ask leave to' file an amended and supplemental bills, setting up the obtaining of the said judgments and issuing of said executions and returns thereon, and incorporating into one amended and supplemental bill all matters contained in the intervening petitions. Objection is made by the defendants that the supplemental matter should not be allowed to be set up in favor of the original contract creditors, because it is contended that such contract creditors have no standing in a court of equity under section 25, or otherwise, to attack a judgment or preference good as against the corporation.

It is admitted to be settled law of this state that a simple contract creditor may maintain a bill to wind up the corporation under section 25, but it is insisted that he can not in such a bill attack a judgment or preference good as against the corporation. Although in several cases before our supreme court, brought under section 25, decrees have been sustained in which simple contract creditors have successfully attacked fraudulent judgment, and preferences, yet it is contended that the right of a simple contract creditor to maintain such a bill has never been directly passed upon. See *Butler Paper Co. v. Robbins,* 151 Ill. 588, and cases cited; *Atwater v. American Exchange Nat. Bank,* 152 Ill. 605; *Roseboom v. Whittaker,* 132 Ill. 81; *Alling v. Wenzel,* 133 Ill. 264; *Wolverton v. Taylor,* 157 Ill. 485. In the last case the point was first raised in the supreme court, but it was held that it came too late.

The statute, section 25, does not say by whom "suits may be brought in equity" and no good reason can be perceived why a creditor of any kind or a stockholder or other person interested in the conservation and distribution of the assets of the insolvent corporation like the defendant corporation, may not prosecute a suit in equity under section 25 on behalf of all the creditors, and attack a fraudulent judgment or fraudulent disposition of assets by an insolvent corporation,

upon the ground that being insolvent the property and assets of a corporation became a trust fund to which the bona fide creditors would equitably be entitled to have appropriated to the payment of their respective claims.

But admitting, for the sake of argument, that a simple contract creditor cannot under section 25 attack fraudulent judgments confessed or fraudulent assignments, the question in this case goes further. It is whether upon a bill filed for such purpose by a simple contract creditor, to which bill judgment creditors have subsequently become parties, and where the original complainants have subsequently put their claims into judgment, should the court permit the original complainants by supplemental bill to set up their judgments and obtain the same relief as the other complainants, who are judgment creditors? It is not contended but that the original complainants could commence a new suit to attack the fraudulent judgments and preferences. Why should they be driven to a new suit? It is admitted that they have standing in the present case as to assets not disposed of by the corporation to have the same marshaled and distributed and the corporation wound up and dissolved. It appears to this court that this is a plain case for the application of the rule that equity having taken jurisdiction for one purpose will retain it for all other purposes necessary to the final settlement of all matters involved in the litigation growing out of or connected with the subject matter. Equity will never require two suits to be commenced where one will answer the purpose.

A bill filed by a creditor under section 25, for the dissolution of the corporation and winding up its affairs must be brought upon behalf of all creditors, whether judgment or simple contract creditors. If brought by a contract creditor, and a judgment creditor intervenes and becomes a co-complainant seeking, as he undoubtedly may, to set aside prior fraudulent judgments and preferences he litigates to that end on behalf of all other creditors, whether they are judgment or simple contract creditors, and if he succeeds, he obtains no preference as to assets so realized from his litigation.

The jurisdiction of equity attaches upon the filing of the winding up bill, and the assets so realized, by reason of the right of such intervening judgment creditors to attack fraudulent judgments and preferences, must be distributed as other assets which passed direct from the corporation to the receiver and must be divided pro rata among creditors except so far as any of them had priorities at the commencement of the winding up suit. This, in the opinion of the court, is the doctrine deducible from the case of *Blair v. Illinois Steel Co.*, 159 Ill. 350.

If there is any doubt upon the question as to whether in event the alleged fraudulent judgment and preferences are set aside, it will inure to the benefit of the simple contract creditors who filed the original bills, and who subsequently have obtained judgments,—such doubt can be removed by permitting them to set up their subsequently acquired judgments by way of supplement. It is difficult to see what injury to the defendants who claim under such fraudulent judgments and preferences can result from granting complainant leave to file such amended and supplemental bill. The necessity of defending their rights is the same without regard to who is to share in the proceeds of a successful attack.

It is difficult to perceive any limitations of a court of equity in a proceeding under section 25 of the general incorporation act. It is a "winding up bill" with all that the term implies and the court has the power to do all that is necessary to conserve, marshal and distribute the assets of the corporation among creditors and those who may be entitled thereto, in short to do all and every thing and adjust all questions necessary to settle all the affairs of the corporation and determine the rights of all interested in such winding up. The leave to file the amendment and supplemental bill will be granted.